

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 25, 1961

Honorable J. S. Grisham                    Opinion No. WW-1172
Criminal District Attorney
Van Zandt County                           Re: Refund of taxes paid
Canton, Texas                                  upon land subsequently
                                               determined to be a part
Dear Mr. Grisham:                              of the public domain.

     We are in receipt of your letter in which you request
an opinion regarding the following facts stated in your letter
as follows:

> "Where owners of land in Van Zandt County
> had fenced, occupied and believed that the lands
> so included in their enclosure belonged to them
> over a period of years and which was rendered by
> them for taxation, in some instances, and in
> other instances, it was assessed by the collector
> as belonging to them and which taxes were paid
> by them on said lands up until recently, when
> it was discovered that such lands were not in
> fact owned by them but was either excess or vacant
> lands belonging to the State, but upon which they
> had paid ad valorem tax for several years and on
> some of the tracts, which was not homestead,
> they had paid State tax as well as County and
> school and on other tracts designated as home-
> steads, they had paid taxes as for County and
> school, but not State and in which, in every
> instance, the Tax Collector had made property
> distribution of such tax fund so paid them
> within the last two or three years, when it was
> found that it was excess or vancant lands and
> they purchased same from the State and, of
> course, they continued to pay State and County
> taxes thereon, but the question here to be
> determined, is as to whether or not the County
> can refund these taxes so paid on the land
> while it belonged to the State and during which
> time no taxes were due and if so, whether this
> refund to the individual be payable by the Tax
> Collector or separate funds of the County."

In your request, you refer to an attached letter from Honorable Truett Mayo, County Judge of Van Zandt County, which states, in part:

"I have had inquiry from taxpayers regarding refund of taxes paid by those individual owners on acreage thought to be excess but later determined to be vacant land by the Land Commissioner."

In view of Judge Mayo's letter, we are assuming that the land in question is "vacant land."

Excess lands are not vacant lands and are treated by the Court as sold lands segregated from the public domain.  Foster v. Duval County Ranch Co., 260 S.W.2d 103 (Civ.App., 1953)  Vacant unpatented land is wholly outside the taxing jurisdiction of counties.

Your request shows there are several taxpayers as well as several tracts of land involved.  Some tracts seem to have been rendered and some assessed for taxation. On some tracts, County, school, and State taxes were paid and on some, only County and school taxes.

We are unable, on the facts submitted, to determine the status of any particular tract or the taxes paid thereon.  However, we set out what we believe to be the applicable law.

We enclose Attorney General's Opinion No. 0-6282 (1945) which contains an excellent treatment of the law regarding refunds of taxes.  As pointed out, refund of taxes may be made only upon a showing of (1) fraud, (2) duress, and (3) mistake of fact.  However, Opinion No. 0-6282 quotes from 61 C.J. 991 in part as follows:

". . . it is otherwise where the mistake is made by the taxpayer himself, and is the result of his neglect of some legal duty, or where the facts which would have shown the mistake were within his own possession or within his reach."

That opinion also shows that the intention of the parties must be examined in situations such as these.

Your request does not raise an implication of either fraud or duress; we shall assume none exists.

The location, on the ground, of boundary lines of States, Counties, political sub-divisions, land patents and all land field notes involve a fact finding determination. This was recognized in the case of Frost v. Fowlerton Consolidated School District, 111 S.W.2d 754 (Civ.App., 1937) wherein the Court held that a warrant issued to refund taxes paid on land under the mistaken belief that the property was within the boundaries of the taxing school district was a valid obligation of the school district. The Court stated:

> "The payment of the tax, by Masterson through a mutual mistake, on property not within the school district was not a 'voluntary payment' within the rule denying recovery for taxes paid voluntarily and without compulsion."

Whether such a mutual mistake of fact exists sufficient to allow refunds of the taxes paid requires factual determinations upon which this office cannot pass. However, assuming the taxpayer can establish a mutual mistake of fact, the taxes remitted to the County and the school districts could be refunded; County taxes from the general fund and school taxes from the school's general fund. Taxes remitted to the State could be refunded, but only pursuant to a specific legislative appropriation in compliance with Section 6, Article VIII of the Constitution of Texas.

### SUMMARY

Taxes paid on land later determined to be vacant public land may be refunded to the taxpayer if such payments were made under (1) fraud, (2) duress, and (3) mutual mistake of fact.

Very truly yours,

WILL WILSON
Attorney General

By Tom I. McFarling
Tom I. McFarling
Assistant

TIM/jas

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Riley Eugene Fletcher
Joe Osborn
Coleman Gay, III
Henry Braswell

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.